# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CHESAPEAKE OPERATING, INC., | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-940-M |
| | ) | |
| ZBJ, LLC, f/k/a Tomahawk Treating Services, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Compel Answers to Interrogatories from Plaintiff, filed March 17, 2014. On March 24, 2014, plaintiff filed its response, and on March 31, 2014, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

In this case, plaintiff alleges that defendant has systematically overbilled and overcharged plaintiff for trucking and hauling services defendant provided to plaintiff. On December 12, 2013, defendant sent its First Set of Interrogatories and Requests for Production of Documents to plaintiff. On January 10, 2014, plaintiff submitted its responses. Defendant now moves the Court to compel plaintiff to supplement its responses to Interrogatory Nos. 4 and 5.

Interrogatory Nos. 4 and 5 request plaintiff to identify each instance of overbilling (Interrogatory No. 4) and each instance whereby defendant overstated the number of hours its employees and subcontractors have spent providing services to plaintiff (Interrogatory No. 5) and to identify all evidence in support. In its supplemental responses to these interrogatories, plaintiff admits that it has discovered numerous instances of overbilling and provides two illustrative examples. Plaintiff further states:

> Chesapeake's discovery of these overbilling issues was and is consistent with the statement of Jack Amen, detailed in response to

> Interrogatory No. 6, *infra*. Moreover, during the course of its ongoing and comprehensive audit of ZBJ's billings, Chesapeake has discovered and continues to discover further instances of overbilling consistent with the examples provided, *supra*, and with Mr. Amen's statement detailed, *infra*. Rather than exhaustively detail those examples in its supplemental response to Interrogatory No. 4, as soon as is reasonably possible, Chesapeake will provide ZBJ with the full results of this audit, which will detail each instance of overbilling discovered. Additionally, Chesapeake will, in accordance with Fed.R.Civ.P. 33(c), provide to ZBJ all documents which evidence the overbilling so discovered.

Plaintiff's supplemental response to Interrogatory No. 4, attached as Exhibit B to defendant's Motion to Compel Answers to Interrogatories from Plaintiff, with Brief in Support at 7. Finally, during depositions in early March, plaintiff's counsel represented to defendant's counsel that plaintiff had discovered over $1,500,000 worth of overbillings by defendant.[1]

Defendant asserts that plaintiff's responses to Interrogatory Nos. 4 and 5 are incomplete because plaintiff has failed to identify the other "numerous instances of overbilling" and that plaintiff should be compelled to identify these instances. Plaintiff states that in order to ascertain the full scope of defendant's fraud, it has, to date, been manually entering into a comprehensive spreadsheet all of the data provided in discovery in the form of defendant's daily time cards and subcontractor invoices and cross referencing this data with the data provided in defendant's invoices. Plaintiff further states that it has continued to work its way through defendant's billing documents but is not yet done with all the work necessary to fully determine the scope of defendant's fraud. Plaintiff, thus, suggests that the most efficient way to handle this issue is for the deadlines in this

---

[1] The total amount of overbilling in plaintiff's two illustrative examples in its supplemental response is $618.00.

case to be extended[2] so that it can conclude its audit and provide the full results to defendant, rather than try to roll them out in a piecemeal fashion. Defendant objects to plaintiff's suggestion, contending there is no federal rule that allows plaintiff to refuse to provide the information it already has, and asserts that plaintiff should be compelled to identify each instance of overbilling it is currently aware of and is claiming in this matter and to supplement its response as necessary.

Federal Rule of Civil Procedure 26(e)(1) provides:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> **(B)** as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should be compelled to identify each instance of overbilling it is currently aware of and claiming in this matter, along with providing the supporting evidence, and should supplement its response as necessary as it continues its work. Due to the amount of money involved, and particularly the extremely large difference in the amount set forth in the illustrative examples and the amount plaintiff's counsel has stated plaintiff has already discovered, the Court finds that plaintiff's supplemental responses to Interrogatory Nos. 4 and 5 are materially incomplete and, pursuant to Rule 26(e)(1), plaintiff is required to supplement its responses.

---

[2]On March 27, 2014, the Court continued this case to the August 2014 trial docket and extended the remaining deadlines in this case.

Accordingly, the Court GRANTS defendant's Motion to Compel Answers to Interrogatories from Plaintiff [docket no. 15] and ORDERS plaintiff, within ten (10) days of the date of this Order, to supplement its responses to Interrogatory Nos. 4 and 5 by identifying each instance of overbilling it is currently aware of and is claiming in this matter and providing the supporting evidence for each claimed overbilling. Plaintiff is further directed to supplement its responses, as necessary, as it continues its work.

**IT IS SO ORDERED this 10th day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE