IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHESAPEAKE OPERATING, INC.,** ) | |
| Plaintiff ) | |
| v. ) | Case No. CIV-13-940-M |
| ) | |
| **ZBJ, LLC, f/k/a TOMAHAWK TREATING** ) | |
| **SERVICES, LLC, and JACK AMEN** ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY AND REPORT OF TERRY J. WESTEMEIR

Defendants respectfully respond to Plaintiff's *Daubert* Motion to Exclude Testimony of Terry J. Westemeir ("COI Motion") and submit the following brief in support thereof. Plaintiff, Chesapeake Operating Inc. ("COI") launches a number of attacks seeking to exclude the report and testimony of designated Defendants' expert Terry J. Westemeir ("Westemeir") all of which are insufficient under Federal Rule of Evidence 702, Federal Rule of Civil Procedure 37(c)(1) or the standards in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 59 (1993) as a basis for exclusion. COI fails to meet the threshold for exclusion of Westemeir's expert opinion and testimony. COI's Motion rests on an attempt to bolster the work of their expert, mischaracterizations of Westemeir's methodology, factual disputes and erroneous statements as to Westemeir's opinions. These issues provide no basis to exclude or limit Westemeir's testimony and report. Defendants request that the Court conduct a live evidentiary hearing to assess the admissibility of Westemeir's expert testimony and report under *Daubert* standards.

### BACKGROUND

ZBJ provided a variety of oilfield services to COI, pursuant to a Master Service Agreement dated December 9, 2008 between 2008 until 2011 under the name of its predecessor in interest,

Tomahawk Treating Services, LLC. (Defendant ZBJ, LLC f/k/a Tomahawk Treating Services may be referred to hereafter as "ZBJ/Tomahawk" or "Defendants".) These services included, *inter alia,* trucking, water hauling, liquid disposal services, and other miscellaneous oilfield services.

Plaintiff, COI sued Defendants for breach of contract, fraud, money had and received, and unjust enrichment alleging that ZBJ acted by and through Jack Amen to overcharge COI for work performed. Plaintiff asserts claims for breach of contract, fraud, unjust enrichment and "piercing the veil" alleging that Defendant ZBJ/Tomahawk overcharged Plaintiff for trucking and hauling services provided by ZBJ/Tomahawk to Plaintiff during the time period December, 2008 until October, 2011.

Defendants submit that Westemeir's proffered expert opinions and report scrutinize the errors and omissions contained in the report and testimony of Plaintiff's expert George N. Keeney, III ("Keeney") and identify the myriad of disputed issues in this case. Contrary to the unsupported assertions of COI, there remains more than one disputed issue in this case. (COI Motion at p. 3) Finally, COI misconstrues or misunderstands Westemeir's report and testimony in a number of key respects. For example:

a. Westemeir spent the bulk of his time reviewing and analyzing Keeney's sadly deficient work product. In that regard Westemeir has identified serious and glaring flaws in both the methodology employed by Keeney and basic math used by Keeney. Westemeir Report, Exhibit 2 to COI Motion.

b. No better example of this misconstruction is the quoted material on p. 4 of the Motion. This portion of text has nothing to do with the extent of Westemeir's report and testimony and is limited to a discussion of the verification of work tickets. Westemeir's testimony and report identified multiple occasions where his review of the entirety of Keeney's work

2

product that was produced indicated that the work product was deficient or defective. Westemeir Report, Exhibit 2 to COI Motion; Westemeir Dep. at 58:16 - 60:3; 60:14 - 63:3; 83:10 – 19; 97:8 - 20 (Exhibit 3 to COI Motion).

c. Westemeir repeatedly and *ad nauseum* informed counsel for COI that he had not, and would not issue a legal opinion. In fact, unlike Keeney (and COI), Westemeir made a conscious effort to review and opine solely from the position of an accounting or financial expert. Westemeir Dep. at 12:4-13; 14:21 - 15:22; 18:2 - 22:3; 51:7 - 53:10; 101:6 - 102:2; 133:17 - 135:16; 137:6 - 144:18 (Exhibit 3 to COI Motion).

d. Westemeir's opinions and testimony go to the quality (or lack thereof) of Keeney's report and testimony. Westemeir reviewed the materials and spreadsheets (belatedly produced), discerned in some instances because of the failure of COI to comply with discovery obligations, and a review of the billing processes and procedures from an accounting standpoint.

Westemeir concluded that Keeney's expert reports and testimony contained material and pervasive inaccuracies and errors in the calculation of overcharge damages. Included in these erroneous opinions are instances where Keeney failed to recognize more than one Tomahawk personnel providing work on a single work ticket and the differential of rates charged by those Tomahawk personnel by improperly updating the driver (operator) name, false assumptions that all work was invoiced on the same date work was performed, improper conversion of charges for other products and material to an hour overcharge claim, and improperly including service and goods provided to and invoiced to unrelated third party Tomahawk customers in the calculation of damages alleged by COI.

In short, by relying upon these mischaracterizations of Westemeir's opinions and testimony COI presents a poor and inaccurate caricature of Westemeir's report and testimony. A *Daubert* motion cannot rest on a misapprehension of the opinions it seeks to challenge. Westemeir's report and testimony are supported by an abundance of evidence and are reasonable and relevant in light of the issues at hand.

While Plaintiff asserts that there is only remaining one issue before the Court (damages suffered by Chesapeake) and that the scope of engagement of its expert, George M. Keeney, III, was limited thereto. Defendants remind the Court that no determination of liability has been made. Rather, Defendants assert that the testimony of Jack Amen cited in Plaintiff's Motion is taken out of the context in which it was offered and does not represent the totality of circumstances surrounding the matters at issue in this case. First, this assertion has nothing to do with a *Daubert* motion. Second, the assertion of any alleged admission by Jack Amen is taken out of context, cherry-picked out of the Jack Amen testimony, will be vigorously litigated by Defendants and is addressed on page 21 of Westemeir's expert report wherein he debunks that assertion with Mr. Amen's testimony in the same deposition. *See* Report of Westermeir at Exhibit AC, attached as Exhibit 2 to COI Motion.

I. **The Governing Law**

A witness's expert opinion is admissible if (i) the witness is qualified to give expert testimony; (ii) the testimony will help the trier of fact understand the evidence or determine a fact in issue; and (iii) the testimony is reliable. *See* Fed. R. Evid. 702. The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of proof. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 n.10 (1993) (stating that admissibility must be proven by preponderance); *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 970 n.4 (10th

Cir. 2001) (finding that the proponent of expert testimony has the burden of establishing admissibility).

When faced with a Motion to Exclude, the court must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper. *See, Daubert,* 509 U.S. at 597; *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147; *Dodge v. Cotter Corp.,* 328 F.3d 1212, 1227-28 (10th Cir.). The Tenth Circuit has explained the standards to be used, as set forth in *Daubert* and *Kumho Tire*:

> *Daubert* requires a trial judge to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. This inquiry is a flexible one, not governed by a definitive checklist or test. Potentially pertinent factors include whether the expert's theory or technique (1) can be (and has been) tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error with standards controlling the technique's operation; and (4) enjoys widespread acceptance in the relevant scientific community. *Kumho Tire* establishes that the gatekeeping requirement set forth in *Daubert* applies not only to testimony based on scientific knowledge, but also to testimony based on technical and other specialized knowledge. The objective of that requirement is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *(internal citations and quotations omitted)*

*Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1163 (10th Cir. 2000) (affirming exclusion of expert testimony on damages).

"[An] expert's qualifications must be both (i) adequate in a general, qualitative sense (i.e., 'knowledge, skill, experience, training or education' as required by Rule 702) and (ii) specific to the matters he proposes to address as an expert." *Graves v. Mazda Motor Corp.*, 675 F. Supp. 2d 1082, 1093 (W.D. Okla. 2009) (Friot, J.), *aff'd*, F. App'x 296 (10th Cir. 2010). "The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *In re Williams Securities Litigation*, 496 F. Supp. 2d 1195, 1232 (N.D. Okla. 2007) (internal quotations omitted)

(Friot, J.), *aff'd in part sub nom. In re Williams Securities Litigation* - Subclass, 558 F.3d 1130 (10th Cir. 2009).

In the absence of valid attacks on Westemeir's actual methodology or qualifications, COI's *Daubert* Motion fails. As the Advisory Committee note to Rule 702 states,

> When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.

Fed. R. Evid. 702, Advisory Committee Note. "Where experts may reasonably differ as to the proper calculation of damages or harm, '[v]igorous cross-examination' and 'presentation of contrary evidence' are the 'traditional and appropriate means' of attacking their opinions." *Gutierrez v. Wells Fargo and Company*, 2010 WL 1233810, at *10 (*quoting Daubert*, 509 U.S. at 596); *see also S.M. v. J.K.*, 262 F.3d 914, 921 (9th Cir. 2001) ("A court may admit somewhat questionable testimony if it falls within the range where experts might reasonably differ, and where the jury must decide among conflicting views." (quotations and citation omitted)), *amended by* 315 F.3d 1058 (9th Cir. 2003). Westemeir's Report speaks repeatedly regarding the errors and incompleteness of Keeney's Rule 26 Report and related disclosures, the unreliability of Keeney's damages calculation and his opinions regarding the issue of no overcharge or damages. While COI spends much of its motion defending Keeney's work, the issues remain for the trier of fact.

Further, COI has a significant flaw in its argument that Westemeir is not qualified to give opinions in this case. In addition to his education and qualifications as a Certified Public Accountant, a Certified Fraud Examiner and holding a certifications in business valuation and financial forensics, Westemeir testified as to his over 35 years of experience and conservatively

estimated that 50% of his work has been associated with the oil and gas industry and 25 % has been directly in the oil and gas industry itself. Westemeir Dep. at 57:21 - 58:15; 62:8 - 63:2.

## II. COI Misapprehends Westemeir's Testimony Regarding Whether ZBJ Has Satisfied the Provisions of the MSA and Westemeir's Qualifications.

It is not the province of an expert to "state his or her opinion as to legal standards[,] nor may he or she state legal conclusions drawn by applying the law to the facts." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003) (*quoting Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir.1998)). In this case, Westemeir has not invaded that role of the trier of fact, unlike Keeney, who repeatedly has opined and testified as to his legal interpretation of the MSA and how he believes Defendants should have operated thereunder. Westemeir has unequivocally stated in his report and testimony that he intends to offer an opinion as to how Defendants operated from an accounting standards position. The portion of his testimony cited in Plaintiff's Motion could not be clearer:

> Q. [O]kay. So if somebody needed to know the legal meaning of the terms of a commercial contract, they should not come and ask you?
>
> A. They should not, and I would not give them a legal opinion.

Westemeir Dep., at 18: 5-20 (Exhibit 3 to COI Motion). Indeed, the Deposition is replete with numerous instances of Westemeir refuting that same premise. *See* Westemeir Dep. at 12:4-13; 14:21 - 15:22; 18:2 - 22:3; 51:7 - 53:10; 101:6 - 102:2; 133:17 - 135:16; 137:6 - 144:18 (Exhibit 3 to COI Motion).

Unlike Keeney, Westemeir has not stated an opinion as to the legal standards of the MSA nor has he drawn legal conclusions as to the ultimate issues in this case. *See, Okland Oil Co., v. Conoco, Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998); *see also Karns v. Emerson Electric Co*., 817 F.2d 1452, 1459 (10th Cir. 1987). Even the quoted deposition testimony on page 6 of COI's

7

Motion, when read in its entirety, belies COI's argument in this regard. Westemeir testimony quoted by COI is limited to his analysis of Keeney's report and testimony and review of the underlying transactional documents from an accounting standpoint. Nowhere does Westemeir state he will opine as to what the contract required, but rather states he will opine about whether the accounting documents reflect compliance with the terms of the MSA. Westemeir Dep. at 96:12 – 97:7l; 128:5 – 130-5 (Exhibit 3 to COI Motion).

As explained in his Report, Westemeir has read the MSA and offers his accounting analysis consistent with his experience and expertise of over 35 years. His proffered opinion, from that accounting standpoint, is that there is no provision prohibiting markup of third party charges in the MSA. Nowhere does Westemeir offer an opinion that is not based upon his longstanding career or his expertise and experience. Westemeir has the specialized knowledge, skill, practical experience, training, and education necessary to undertake the process of rendering the report and testimony he has in this case. He is likely to assist the Court in finding facts necessary to resolve contested issues in this proceeding. Unlike Keeney, Westemeir has been provided access to all information relevant to the issues in this proceeding, including all the deposition testimony of the principal ZBJ personnel. And unlike Keeney, Westemeir has exploited such access to the fullest extent in pursuit of his assigned task of rendering an informed opinion on the myriad of issues in this case; COI's criticism of his due diligence is unfounded.

"Where the use of professional judgment may produce a broad range of acceptable opinions, so long as the expert possesses at least one of the qualifying attributes listed in Rule 702 (specialized knowledge, skill, education, experience or training), has employed a methodology recognized in the profession or by the courts, and can identify the source of the facts and data underlying the opinion (demonstrating a connection of the opinion to the facts of the case), a

probing cross-examination and presentation of opposing experts and evidence will permit the fact-finder to judge the soundness of the expert's judgment, as well as the expert's credibility and potential bias, in order to assess how much weight to accord the expert's opinion." *In re Com. Fin. Services, Inc.*, 350 B.R. 520, 528-29 (Bankr. N.D. Okla. 2005).

> III. **Westemeir's Opinions Do Not Reach the Ultimate Legal Conclusion for the Trier of Fact.**

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704(a). Federal Rule of Evidence § 704(a) allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact. *See Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1459 (10th Cir.1987); *United Telecommunications, Inc. v. American Television and Communications Corp.*, 536 F.2d 1310, 1318 n. 6 (10th Cir.1976); *Bosse v. Ideco Div. of Dresser Indus., Inc.*, 412 F.2d 567, 570 (10th Cir.1969); *A.E. ex rel Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir.1991). Westemeir's opinion and report comply with this express standard. An "expert may not state legal conclusions drawn by applying the law to the facts," but "[a]n expert may ... refer to the law in expressing his or her opinion." *Id.*; *see also United States v. Johnson*, 319 U.S. 503, 519, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943) (allowing some discretion to trial judges in determining whether expert testimony appropriately leaves the jury free to exercise its judgment); *U.S. v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008); *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir.1988).

Unlike the excluded expert in *Specht,* there is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness. *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988). Westemeir, like the "other experts" referenced in *Specht* may aid a jury by rendering opinions on ultimate issues. The *Specht* court went on to state

"[w]e do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Id.;* s*ee also Huddleston v. Herman & MacLean,* 640 F.2d 534, 552 (5th Cir.1981), *modified on other grounds,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983) (attorney expert in securities law allowed to testify that a statement in a prospectus was standard language for the issuance of a new security because this information helped the jury weigh the evidence of defendants' scienter); *United States v. Garber,* 607 F.2d 92 (5th Cir.1979) (trial court erred in refusing to let experts on income tax law testify regarding whether failure to report funds received for sale of blood plasma constituted income tax evasion). The relevant cases demonstrate that an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function.

Westemeir, in his testimony and report, has explained the bases for his opinions in sufficient detail to permit the trier of fact to independently evaluate his conclusions. Westemeir's use of a legal terms does not conflict with the standards for expert testimony. Nothing in Westemeir's opinion or report "prevail[s] upon [the trier of fact] to abdicate its function or responsibility for reaching an independent judgment on the ultimate issues" in the case. *Frase v. Henry*, 444 F.2d 1228, 1231 (10th Cir.1971). Westemeir's opinion and testimony complies with these cases and should be permitted.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's Motion.

Respectfully submitted,

By: /s/ J. Randall Miller
    Gentner F. Drummond, OBA # 16645
    Garry M. Gaskins, II, OBA # 20212
    J. Randall Miller, OBA # 6214
    DRUMMOND LAW, PLLC
    1500 South Utica, Suite 400
    Tulsa, Oklahoma 74104-6522
    (918) 749-7378 Phone
    (918) 749-7869 Fax
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the Following EFT registrants:

Spencer F. Smith
Michael K. Avery

    /s/ J. Randall Miller
    J. Randall Miller